IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30489
Conference Calendar
_____


JAMES WEST,

                                        Plaintiff-Appellant,

versus

SHARON PARKER, Sergeant;
WASHINGTON CORRECTIONAL
INSTITUTE,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. CA-95-900-C
- - - - - - - - - -
August 23, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    James West asserts that he was "given a rule violation" and

placed in administrative segregation for two days for "trying to

show a letter from a ranking officer" to defendant Sergeant

Parker.  West essentially challenges the sufficiency of the

evidence to support his conviction at the disciplinary hearing,

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

arguing that if Parker "had listened or at least looked at the letter there would have been no write up or rule violation." West does not allege that the disciplinary proceeding itself was deficient in any manner.

Prison disciplinary proceedings will be overturned "only where there is no evidence whatsoever to support the decision of the prison officials." Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994). West's disciplinary report, which he attached to his complaint, shows that he pleaded guilty at the disciplinary hearing to aggravated disobedience. Parker, the charging officer, stated that she gave West a direct verbal order to leave the dormitory until completion of inspection and that West "flatly refused to comply with [her] order." Parker stated that West was "very argumentative" and caused a disturbance in the dormitory. There is thus some evidence in the record, namely the charging officer's report and the fact that West pleaded guilty, to support the decision reached at the prison disciplinary proceeding. The district court did not abuse its discretion by dismissing West's claim pursuant to § 1915(d).

West further argues that his constitutional rights were violated because Parker was given "unrestricted access" to his dormitory, an "open room with the shower, urinal, and commodes all in plain and clear view," thus forcing him "to be viewed by a stranger of the opposite sex." However, this court has previously upheld the use of female guards in guard towers giving a full view of male inmates taking showers. See Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992). No constitutional

violation occurs when naked male inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility.  Id.  West has not argued that Parker's presence was unnecessary to maintain security, only that her presence violated his rights under the Fourth and the Eighth Amendments.  Thus, as in Letcher, there is no basis for West's claim of a constitutional violation due to the presence of a female guard in his dormitory.  See Letcher, 968 F.2d at 510. The district court did not abuse its discretion by dismissing West's complaint pursuant to § 1915(d).

AFFIRMED.